FILED
CLERK, U.S. DISTRICT COURT
08/20/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TRONE JACKSON II,<br><br>　　　　Defendant. | CR No. 5:25-cr-00279-AH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant TRONE JACKSON II resided in Redlands, California, within the Central District of California.

2. Charles Schwab & Co., Inc. ("Charles Schwab") was a financial services company that offered, among other services, individual brokerage accounts which were known as Schwab One accounts.

3. Defendant JACKSON was the sole account holder for a Schwab One account assigned number xxxx-0123 (the "Schwab One Account").

4. Defendant JACKSON was the sole account holder for a JPMorgan Chase Bank, N.A. ("Chase Bank") checking account assigned number xxxxx9559 (the "Chase Account"), held in the name of defendant JACKSON with a registered address in Redlands, California.

5. The Fedwire Funds Service ("Fedwire") was a system by which banks could transfer funds electronically between member institutions. All Fedwire transfers were routed through either New Jersey or Texas.

B. THE SCHEME TO DEFRAUD

6. Beginning no later than on or about July 8, 2024, and continuing through on or about July 22, 2024, in San Bernardino and Orange Counties, within the Central District of California, and elsewhere, defendant JACKSON, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Charles Schwab and the United States Department of Treasury ("U.S. Treasury Department") as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises.

7. The fraudulent scheme operated, in substance, as follows:

   a. Defendant JACKSON obtained counterfeit U.S. Treasury Department checks that had defendant JACKSON's name and address listed as the payee's name and address. Defendant JACKSON knew that these checks were counterfeit.

   b. Defendant JACKSON provided the counterfeit checks to personnel at a Charles Schwab branch location in Brea, California, for the purpose of having the counterfeit checks deposited into his

1  Schwab One Account and then transferring the deposited funds to his
2  Chase Account.  In providing the counterfeit checks to Charles
3  Schwab, defendant JACKSON falsely represented that the counterfeit
4  checks were genuine checks issued by the U.S. Treasury Department.
5       c.   Defendant JACKSON transferred, and attempted to
6  transfer, counterfeit check funds deposited into his Schwab One
7  Account to his Chase Account via interstate wire communications.
8       d.   Once the funds were transferred to his Chase Account,
9  defendant JACKSON withdrew them in cash.
10      e.   Defendant JACKSON placed telephone calls to Charles
11 Schwab's customer service line to inquire about his frozen Schwab One
12 Account and the status of a deposit from a counterfeit check.
13 C.   <u>USE OF WIRES</u>
14    8.   On or about the following dates, in San Bernardino and
15 Orange Counties, within the Central District of California, and
16 elsewhere, defendant JACKSON, for the purpose of executing the above-
17 described scheme to defraud, transmitted and caused the transmission
18 of the following items by means of wire communications in interstate
19 commerce:

| COUNT | DATE | ITEM TRANSMITTED BY WIRE |
|---|---|---|
| ONE | July 10, 2024 | Interstate wire transfer via Fedwire of $50,000 to defendant JACKSON's Chase Account from the Schwab One Account. |
| TWO | July 11, 2024 | Interstate wire transfer via Fedwire of $300,000 to defendant JACKSON's Chase Account from the Schwab One Account. |
| THREE | July 12, 2024 | Interstate wire transfer via Fedwire of $350,000 to defendant JACKSON's Chase Account from the Schwab One Account. |
| FOUR | July 15, 2024 | Telephone call to a Charles Schwab customer service representative in Texas from defendant JACKSON in or around Brea, California. |

| COUNT | DATE | ITEM TRANSMITTED BY WIRE |
|---|---|---|
| FIVE | July 16, 2024 | Telephone call to a Charles Schwab customer service representative in Arizona from defendant JACKSON in or around Victorville, California. |
| SIX | July 17, 2024 | Telephone call to a Charles Schwab customer service representative in Florida from defendant JACKSON in or around Victorville, California. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

9. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

10. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

CORY L. BURLESON
Assistant United States Attorney
Deputy Chief, Riverside Office